In re D. JAY HYMAN CONSTRUCTION CO., Debtor.

Gregory M. WILSON, Trustee, Plaintiff,

v.

CHICAGO TITLE INSURANCE CO., Defendant.

WINDSON DEVELOPMENT CORP., Plaintiff,

v.

Gregory M. WILSON, Trustee D. Jay Hyman Construction Co., Chicago Title Insurance Co., Defendants.

Bankruptcy No. 81–10445.
Adv. Nos. 81–0338, 81–0353.

United States Bankruptcy Court, D. Maryland.

Nov. 30, 1981.

Gregory M. Wilson, Laurel, Md., Trustee.

Frank Emig, Beltsville, Md., for Windson Dev. Corp.

John R. Dugan, Rockville, Md., for Chicago Title Ins. Co.

Roger Frankel, Bethesda, Md., for the Debtor (Hyman).

Paul A. Burns, Chicago, Ill., for Chicago Title.

## MEMORANDUM OPINION

HENRY D. EVANS, Bankruptcy Judge.

This case came on for hearing on the Complaint to Modify Stay and for Leave to Pay Over Escrow Funds and the Trustee's Answer thereto. Although the request for relief appears as a Complaint to Modify Stay, the issue is actually whether the Debtor has any interest in the funds in question. If the Debtor has an interest that was transferred to the Trustee, or if the Trustee has an assertable interest, then lifting of the stay would be improper, and if neither the Debtor nor the Trustee has any assertable property interest in these funds, then lifting of the stay is unnecessary because under 11 U.S.C. § 362 the stay applies only to property of the estate as defined in 11 U.S.C. § 541.

■ The primary issue in this case is whether a valid escrow agreement among Windson Development Corp. (Windson, grantee), D. Jay Hyman Construction Co. (Hyman, grantor), and Chicago Title Insurance Co. (CTIC, depository) existed. Although the parties created no writing, this omission does not, itself, invalidate an agreement because oral contracts are enforceable.

Originally, according to the testimony of Ms. Fried, her office dispersed all funds to Windson directly, as they were dispersed by the construction lender. When the dispute between Windson and the Debtor arose, the escrow fund became necessary.

The oral agreement inured to the benefit of all parties. The Debtor was able to transfer good title, allowing it to sell the lots, CTIC was able to issue title insurance, and Windson's rights were protected pending the outcome of its litigation. The testimony of Ms. Fried and the correspondence among the parties clearly establish these purposes of the oral agreement.

■ The Debtor transferred the funds to CTIC to be released, as in any escrow arrangement, upon occurrence of a condition

precedent. In this case the condition was the resolution of the litigation, as defined in the indemnity agreement. That condition precedent had already occurred at the time the Debtor filed its petition because Windson's mechanic's lien claim had been "perfected by suit and constitute(d) a judgment with priority." *See Indemnity Agreement.* The Debtor relinquished all rights to the fund pending occurrence of the condition.

On April 6, 1981, prior to the date the Debtor filed its petition, the order of the Circuit Court of Fairfax County that established that Windson's judgment exceeded the amount held in the escrow fund became final. This judgment extinguished any rights the Debtor might have had in the amount of the fund that exceeded the judgment in favor of Windson. The fact and amount of this judgment make any determination of the validity of the assignment to the Gynecologist's Group unnecessary.

Under Virginia law the successful party, Windson, is entitled to the contents of the escrow fund *ab initio. See Va.Code* § 43–71. Therefore, Windson is entitled to those funds as if it had received them from Ms. Fried upon disbursement by the construction lender.

It is, therefore, this 30th day of November, 1981, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, That the contents of the escrow fund are not property of the estate under 11 U.S.C. § 541 and, therefore, the parties may proceed without modification of the automatic stay imposed by 11 U.S.C. § 362.